FILED'05 NOV 30 13:32USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT CHEESEMAN, | ) | |
| | ) | Civil No. 05-6358-TC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN H. MILLER, | ) | ORDER TO PROCEED IN FORMA |
| | ) | PAUPERIS AND FINDINGS AND |
| Defendant., | ) | RECOMMENDATION TO DISMISS |
| | ) | |

COFFIN, Magistrate Judge.

Plaintiff's Application to *proceed in forma pauperis* (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. See 28 U.S.C. § 1915(d).

## BACKGROUND

Plaintiff pro se filed this action alleging that defendants denied him his right to a jury trial under the Oregon

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS

Constitution. Although no federal jurisdictional basis is alleged, plaintiff alleges that the denial of his rights under the Oregon Constitution violated his rights under the 14th Amendment. Plaintiff's claims arise out of a state court eviction proceeding.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

2 - ORDER TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS

## DISCUSSION

I find that regardless of liberally construing the claims, plaintiff does not state a claim cognizable under 42 U.S.C. § 1983. The various judges who are alleged to have violated plaintiff's rights are absolutely immune from liability to plaintiff. Butz v. Economou, 438 U.S. 478 (1978); Richardson v. Koshiba, 693 F.2d 911 (9th Cir. 1992). Plaintiff alleges that defendant Kulongoski "failed in his duty to see 'all laws of the State of Oregon faithfully executed.'" Plaintiff has not alleged any cognizable constitutional "duty" and this allegation can only be construed as seeking to hold defendant Kulongoski liable on a theory of respondeat superior. Respondeat superior is not a proper basis for liability under section 1983. Monell v. Dept. Of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff's claim against defendant Issacs is deficient in that it fails to allege any facts that would support a finding that defendant Issacs' "derelict of duty" constituted state action or conduct under the color of state law or violated plaintiff's rights under the Constitution or federal statutes. See, Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986).

## CONCLUSION

Based on the foregoing, plaintiff's complaint should be dismissed. Because the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice. Because there is no jurisdiction over plaintiff's federal claims, plaintiff's possible pendent state law claims should also dismissed, without prejudice.

DATED this **30** day of November, 2005.

_____
Thomas M. Coffin
United States Magistrate Judge